MARTIN TAYLOR v. E. C. MINTON *et al.*

45 17
54 799

ACTION, *Not Maintained*. One executor cannot sue his coëxecutor for money or property in his hands, belonging to the estate of the deceased.

*Error from Pratt District Court.*

THE opinion states the nature of the action, and the facts.

*J. F. King*, for plaintiff in error.

*E. C. Minton*, defendant in error, for himself; *John A. Carson*, of counsel.

Opinion by STRANG, C.: Action on a promissory note. Martin Taylor and E. C. Minton were executors of the estate of Samuel Taylor, deceased. Minton did most of the business and handled the money, which he deposited in his own name in a bank. Some time before the estate was settled, and the administration closed up, Taylor and Minton looked over Minton's account as executor, and it was found that Minton had used for himself $120 of funds belonging to the estate. To make the amount good, he made his promissory note to Martin Taylor, his coëxecutor, but made it to Taylor individually, instead of to him as executor. The other defendant, E. McFeeters, signed the note with Minton. When the note became due, Minton failed to pay it, and Taylor brought an action in his own name against Minton and McFeeters. The case was commenced before a justice of the peace, where the plaintiff filed the note as a bill of particulars. The defendants failed to appear and judgment was rendered against them by default. Defendants then appealed to the district court, where the case was tried by the court and jury without any further pleadings, resulting in a verdict for defendants. Motion for a new trial. Motion overruled. The question presented to this court is raised on the instructions of the court to the jury, which are as follows:

"1. You are instructed that the law implies that every

promissory note that is made and delivered was given for a good and valuable consideration; and in this case the burden of proof is upon the defendants to establish, by a preponderance of the evidence, that the note in question was given without consideration, passing from plaintiff to defendant E. C. Minton; and unless defendants have done this, the jury should find for the plaintiff such sum as you find is due and unpaid on said note. You are further instructed that the want of consideration destroys the validity of a note in the hands of the payee, and this without regard to the good faith of the transaction in which the note was given; and in this case, if the jury believe from the evidence that the note was given without any good or valuable consideration passing from the plaintiff individually to the defendants, or one of them, your verdict should be for the defendants.

"2. The plaintiff in this case is suing in his individual capacity, and not as a representative of the estate of Samuel Taylor, deceased. All evidence in relation to the consideration of account of defendant Minton with said estate is withdrawn from your consideration, and, in order to find for the plaintiff in this case, you must believe from the evidence there was a good and valuable consideration passing from the plaintiff individually to the defendants, or one of them, for which said note was given."

The defendant Minton admitted that he was short in his accounts with the estate of Samuel Taylor, deceased, at the time he gave the note, in the sum of $120, and that he gave the note to Martin Taylor to make good his account with the estate, but denied that he ever owed Martin Taylor anything. The case seems to have been treated by the district court as one between Martin Taylor and the defendants, without any regard to the representative capacity of either Taylor or Minton. Viewing the case within these limits, there seems to be no serious error in the instructions of the court. But it is difficult to refrain from looking beyond these narrow limits, since the moment the evidence appears it becomes apparent that Martin Taylor took and holds the note for the use of his father's estate. All the evidence on both sides proves this. Looking at the case in the light of the real position of the parties, Taylor and Minton, and treating them as coëxecutors,

as under the evidence they were, both at the time the note was given and at the time of the trial, and the action cannot be maintained. Being coëxecutors, the possession of the funds of the estate by either, is the possession of the other; the possession being in law a joint one. Funds in the hands of Minton belonging to the estate of which he and Taylor were coëxecutors, if transferred by him to Taylor, are still in the joint possession of both. The giving of the note by Minton to Taylor did not cancel Minton's engagement to the estate. He was still liable to the estate for the money of the estate that had reached his hands. He might have been required by the probate court to turn the money over for distribution without regard to the note. Nor did the receipt of the note from Minton charge Taylor with the money the note was intended to represent, so long as the money actually remained in Minton's custody. Notwithstanding the note, until the estate was settled up, or the probate court required him to turn over the money for distribution, Minton had a right to the custody thereof. If the note could be treated as a part of the assets of the estate, Minton had the same right to the custody of it that Taylor had, and the possession of the note by Taylor was, in law, equally the possession of Minton.

The statute provides a simple and direct method whereby funds in the hands of an executor may be released from his custody for the benefit of the creditors, or distributees of the estate.

It is therefore recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.